Submitted on record and briefs August 2, reversed and remanded
September 26, 2007

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## MARTIN DANIEL ORR,
*Defendant-Appellant.*

Tillamook County Circuit Court
057109; A130098

168 P3d 1232

▮▮▮▮▮▮▮▮▮▮▮▮▮

Ingrid Swenson, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Marc D. Brown, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, and Douglas F. Zier, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

PER CURIAM

▮▮▮▮▮▮▮▮▮▮▮▮▮

## PER CURIAM

Defendant appeals a judgment of conviction for one count of driving while under the influence of intoxicants (DUII). ORS 813.010. He assigns error to the denial of his motion to suppress evidence that he had refused to take a breath test. After defendant was arrested and advised of his *Miranda* rights, he told the arresting officer that he did not want to say anything until he saw his lawyer. The officer nevertheless asked defendant whether he would submit to a breath test. Defendant responded that he did not want to take the test until after he had consulted with his lawyer. When defendant and the officer arrived at the police station, the officer read defendant the implied consent form and asked if he would take the breath test, and defendant refused. When later charged with DUII on the basis of his refusal, defendant moved to suppress the evidence of the refusal on the ground that he was not given a reasonable opportunity to consult with his lawyer. The trial court denied the motion.

On appeal, defendant again asserts that he was not given a reasonable opportunity to consult with his lawyer after telling the arresting officer of his desire to do so. The state concedes the point and agrees that the trial court erred in denying defendant's motion to suppress. We agree with the parties and accept the state's concession. *State v. Ashley*, 137 Or App 561, 907 P2d 1120 (1995).

Reversed and remanded.